**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Dean Charles PARKER,**
**Defendant–Appellee.**

**No. 90–1046.**

United States Court of Appeals,
Sixth Circuit.

Argued June 15, 1990.
Decided Aug. 30, 1990.

Kathleen Moro Nesi (argued), Donald A. Scheer, Asst. U.S. Attys., Detroit, Mich., for plaintiff-appellant.

Timothy S. Crawford, Detroit, Mich., for defendant-appellee.

Before MILBURN and NELSON, Circuit Judges, and ENGEL, Senior Circuit Judge.

DAVID A. NELSON, Circuit Judge.

This is an appeal by the government from a sentence imposed under the sentencing guidelines following the defendant's conviction on a drug charge. The question presented is whether the district court may make a downward departure from the guideline range for the sole purpose of harmonizing the sentence with that imposed on a codefendant whose record and conduct may have been dissimilar. We conclude that the court may not do so if the defendants had dissimilar records and if their conduct was dissimilar, and we shall remand the case for resentencing.

I

The defendant, Dean Charles Parker, and a co-defendant, Ramarr Franklin, were indicted together for conspiracy to distribute and distribution of a Schedule II controlled substance. The government claims that Parker supplied cocaine to Franklin beginning in April or May of 1988. The parties agree that in December of 1988, after a smaller initial purchase of cocaine from Franklin, an undercover agent arranged with Franklin for the purchase of several kilograms of cocaine. Parker and Franklin then delivered two kilograms to the agent, resulting in their arrest and indictment.

Both defendants pleaded guilty. Their presentence reports assigned base offense levels of 28 to both defendants. Both defendants received two-point reductions for acceptance of responsibility. Parker's presentence report assessed a two-level increase in the offense level, however, based on his leadership role as a supplier and supervisor of Franklin. Parker denied that he played a leadership role, but stated that "because of some other factors that this Court will take into consideration, we don't challenge the presentence report."

Franklin had one previous criminal conviction, for which he had been fined and sentenced to one year's probation. His criminal history score placed him in criminal history category I. Parker, on the other hand, came within criminal history category III. Like Franklin, he had committed one previous crime that had led to a fine and probation. Unlike Franklin, however, Parker violated his probation by failing urinalysis tests for cocaine use. That led to a 180 day jail term and an extension of his probation to November 2, 1991. Parker received two points because of the jail term. See Guideline § 4A1.1(b). He also received two points because he committed the instant offense while on probation. Guideline § 4A1.1(d). Franklin, for some reason, did not receive the two-point increase, although it appears he too was on probation when he committed the offense with Parker.

The guideline range for Franklin was imprisonment for 63 to 78 months, whereas the guideline range for Parker was 97 to 121 months. Franklin was sentenced first. The court imposed the maximum of 78 months. When sentencing Parker, the court imposed a sentence of 87 months—10 months below the bottom of the range set by the guidelines.

The district court made no explicit finding as to Parker's role in the offense. The

presentence report attributed a leadership role to Parker, however, and the court evidently accepted the report's recommendation in this respect; instead of making a change in the recommended offense level, the court said that it was departing downward. The court explained its departure as follows:

> "The reason the Court is deviating from the guidelines on the lower end is simply because it's the position of this Court that the Sentencing Guidelines were instituted by Congress for the purpose of insuring that there would be equality of sentencing among equal participants in a crime. And because this Court has just earlier sentenced Ramarr Franklin, who was involved in sort of the same incident with the defendant in this case to a term of 78 months, this Court is going below the guidelines."

## II

In evaluating a departure from the guidelines, including a downward departure, this court uses a three-part analysis in which the first step is to determine whether the factors on which the district court relied are sufficiently unusual to warrant departure. *United States v. Hays*, 899 F.2d 515, 519 (6th Cir.1990). If the court determines at step one that the factors relied upon by the district court were adequately considered by the guidelines, it need proceed no further. *Id.*

The guidelines begin by assigning Parker and Franklin the same base offense level for the same crime. But the guidelines also take into account the perpetrator's role in the offense. Because Parker assertedly played a leadership role as the supplier of the cocaine, the presentence report increased Parker's offense level by two points. The guidelines also consider criminal history, and Parker's sentencing range was increased because of his more

serious criminal history. There were no special mitigating circumstances. Parker asserts that "the fact that a co-defendant was involved was the mitigating circumstance," but the Sentencing Commission certainly took into account the possibility that co-defendants could receive significantly different sentences based on different roles in the offense and different criminal histories.*

There appears to be some dispute over Parker's actual role in the offense here. Although he denied taking a leadership role, Parker did not object to the presentence report "because of some other factors that [the] court will take into consideration." His counsel asserts that "the court determined *in camera* that there was no basis for declaring either defendant as having played a leadership role in the offense." Unfortunately, we have no record of the court's *in camera* statements.

On remand, the district court should consider this issue on the record. If it finds no basis for ascribing a leadership role to Parker, it should make an explicit finding to that effect. It then should reject the two-point increase in Parker's offense level, reducing it to 26. Such a finding on Parker's role in the offense would be reviewable for clear error. *United States v. Williams*, 894 F.2d 208, 213–14 (6th Cir. 1990). If the court concludes that the evidence does support Parker's leadership role, similarly, it should so state. Such a finding would also be reviewable for clear error. In neither event may the court depart from the sentencing range established by the guidelines based solely on co-defendant Franklin's sentence.

Parker's sentence is VACATED, and the case is REMANDED for resentencing.

---

* In dealing with the reciprocal of the question presented in this case, the Court of Appeals for the Ninth Circuit recently held that the desire for uniform sentences among co-defendants does not justify an upward departure from the guidelines: "The uniformity the Guidelines sought was designed to come from the specific provisions of the Guidelines itself, not from giving judges a broad discretion to ignore the Guidelines and increase sentences based on extraneous factors such as the punishment meted out to a co-defendant." *United States v. Enriquez–Munoz*, 906 F.2d 1356, 1360 (9th Cir.1990).