985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ghassan ABOU-JAMRA, Defendant-Appellant.
 No. 92-1685.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ghassan Abou-Jamra pleaded guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. The district court, in a downward departure, sentenced Abou-Jamra to a ninety (90) month term of incarceration and this appeal followed. Abou-Jamra's appointed counsel subsequently moved to withdraw and filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), in which he relates his belief that there are no meritorious grounds for appeal. The Anders brief also sets forth Abou-Jamra's pro se appellate arguments.
 
 
 3
 Upon consideration, we find no reversible error in the district court proceedings or judgment. The record reflects the district court's efforts to ensure that the plea was entered into voluntarily with full knowledge of the outcome. Abou-Jamra apparently has questions about the propriety of the sentence; his concerns lack merit. The question of the degree of the downward departure, for instance, is not cognizable on appeal. United States v. Gregory, 932 F.2d 1167, 1169 (6th Cir.1991). Abou-Jamra suggests that his sentence is unfair because it is not comparable to his co-defendants' sentences. A court, however, is not permitted to alter a sentence solely to harmonize it with those given to other defendants. United States v. Parker, 912 F.2d 156, 158 (6th Cir.1990). Finally, the assertion that Abou-Jamra was treated differently due to his Lebanese ancestry or nationality is wholly unsupported on the record.
 
 
 4
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.