991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lavarr E. WALKER, Defendant-Appellant.
 No. 92-1650.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1993.
 
 Before KEITH and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Lavarr E. Walker, appeals his sentence imposed pursuant to the United States Sentencing Guidelines, following his guilty plea for conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1). For the reasons stated below, we AFFIRM Walker's sentence.
 
 I.
 
 2
 On April 13, 1990, Walker was indicted with several other defendants for conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1); for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Walker pled guilty to conspiracy to distribute controlled substances and the government dismissed the two other charges. The prosecuting attorney also indicated that he would not seek an upward departure of Walker's offense level.
 
 
 3
 After Walker entered his guilty plea, the United States Probation Department submitted a Presentence Report stating that Walker's base offense level is 36. The Presentence Report reflected a computation based on Walker's involvement in the distribution of over 500 grams of "crack" cocaine, a two-point enhancement for possession of firearms, and a two-point reduction for acceptance of responsibility. Walker's Criminal History Category was listed as III.
 
 
 4
 After hearing testimony from Special Agent Todd Bowden of the Bureau of Alcohol, Tobacco and Firearms, the court accepted the guideline recommendations contained in the Presentence Report. The court rejected Walker's challenge to the firearm enhancement and his argument that his sentence should be reduced because of his minor role in the offense. The court, however, reduced his Criminal History Category from III to II. The court sentenced Walker to 210 months imprisonment. This timely appeal followed.
 
 II.
 
 5
 On appeal, Walker alleges that the court made three errors in determining his sentence. He argues that: (1) the court erred in its guideline computations; (2) that he was entitled to a downward departure because his sentence was disproportionate to those of his co-defendants; and (3) that his sentence constituted cruel and unusual punishment. These issues are discussed seriatim below.
 
 A.
 
 6
 Walker challenges several of the court's findings regarding his guideline computation. We review a sentencing court's factual findings for clear error and its legal conclusions de novo. See United States v. Gainer, 940 F.2d 172, 174 (6th Cir.1991).
 
 
 7
 Walker disputes the court's calculation of his base offense level as 36. He contends that his base offense level is 34 because the conspiracy involved the sale of at least 150 grams, but less than 500 grams of "crack" cocaine. In calculating Walker's base offense level, the court relied upon U.S.S.G. § 1B1.3 (Relevant Conduct Provision). Based on Walker's own admissions and testimony from Agent Bowden regarding the extent of the drug conspiracy, the court found that Walker could be held accountable for the sale of over 500 grams of "crack." (Lavarr Walker, Sentencing at TR. 8-16; Agent Todd Bowden, Sentencing at TR. 23-25). Among the evidence relied on by the district court in determining the quantity of drugs involved in the conspiracy was testimony that nine drug houses were involved in the conspiracy, one of which sold an estimated $800-$6,000 of "crack" each day. Id. We find no clear error in the court's calculation of the quantity of drugs involved in this conspiracy.
 
 
 8
 Walker also challenges the court's finding that he should receive a two-point enhancement for possession of a firearm. The court gave Walker a two-point enhancement because a firearm was found in Walker's jacket at one of the drug houses and because of Walker's admission that weapons were kept at the drug houses to protect the dealers. (Lavarr Walker, Sentencing TR. 16, 11-12). Walker claims that the weapon found in his jacket belongs to someone else. He also argues that he should not have received an enhancement for possession of a firearm because the government dismissed the felon in possession charge against him. We find no clear error in the court's factual findings regarding the evidence supporting a firearm enhancement. We also note that the government's dismissal of the felon in possession charge does not preclude the court from finding by a preponderance of the evidence that the defendant possessed a firearm. See United States v. Blakenship, 954 F.2d 1224, 1227 (6th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 288 (1992).
 
 
 9
 Walker's final argument regarding the court's guideline computations is that he was entitled to a reduction based on his minor role in the conspiracy. Walker's counsel argued at sentencing that Walker lacked knowledge of the scope of the drug enterprise. However, the court rejected this argument, stating, "I think its reasonably clear his [Walker's] knowledge of [the] other nine operating crack houses over the period of time would disqualify him for minimal participant role." (Sentencing at TR. 38-39). Given Walker's own admissions, we find no clear error in the court's finding that he was not a minimal participant in the conspiracy.
 
 B.
 
 10
 Walker contends that his sentence of 210 months imprisonment was disproportionate to the sentences given to the other defendants in this case. The government argues that the defendant failed to raise this issue below and that a downward departure is not appropriate solely for equalization purposes.
 
 
 11
 The record reflects that Walker failed to argue for a downward departure at the time of his sentencing and presented no information to the court regarding the offense level or criminal history category of the other defendants. Thus, the defendant failed to preserve this issue for appeal. Furthermore, in United States v. Parker, 912 F.2d 156 (6th Cir.1990), this Court held that "the Sentencing Commission certainly took into account the possibility that co-defendants would receive significantly different sentences based on different roles in the offense and different criminal histories." 912 F.2d at 158. For these reasons, we find no clear error in the court's sentencing of Walker to a higher term of imprisonment than the other defendants in the case.
 
 C.
 
 12
 Walker's final argument is that his sentence constituted cruel and unusual punishment, in violation of his Eighth Amendment rights. In light of the court's factual findings regarding the large quantity of drugs involved in this drug enterprise, we find no basis for setting aside Walker's sentence on the ground that his Eighth Amendment rights were violated. See United States v. Walton, 908 F.2d 1298, 1300 (6th Cir.1990), cert. denied, 498 U.S. 990 (1990) (court rejected defendant's challenge to 40 year sentence as cruel and unusual punishment where defendant directed a major cocaine distribution enterprise).
 
 V.
 
 13
 For the foregoing reasons, we AFFIRM the sentence imposed by the Honorable Stewart A. Newblatt, United States District Judge for the Eastern District of Michigan in his May 19, 1992, order.