992 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christine WOCHER, Defendant-Appellant.
 No. 92-3994.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Christine Wocher, a federal prisoner, appeals the sentence imposed following her plea of guilty to one count of conspiracy in violation of 18 U.S.C. § 371. Wocher's counsel has moved to withdraw, and Wocher has filed a pro se brief in response. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wocher entered a plea of guilty to one count of conspiracy regarding the interstate transportation of falsely made securities and possession of false identification, in violation of 18 U.S.C. § 371. She was sentenced to serve fifteen (15) months imprisonment and two years supervised release, and to pay a $50.00 special assessment.
 
 
 3
 On appeal, Wocher asserts that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D). She further claims that the district court erred by denying her a downward adjustment for acceptance of responsibility and by increasing her offense level for obstruction of justice. She contends that the upward adjustment was imposed and the downward adjustment denied because she harbored a codefendant, falsely told the FBI she did not know his whereabouts, and accompanied him when he sought to obtain exculpatory statements. She challenges her sentence on grounds that her codefendant was awarded the two-point reduction for acceptance of responsibility with no upward adjustment for obstruction of justice.
 
 
 4
 Upon review, we conclude that the appeal lacks merit. The district court complied with Rule 32(c)(3)(D) by expressly stating that it would not rely on information in the presentence report to which Wocher had filed objections. See United States v. Graham, 856 F.2d 756, 762 (6th Cir.1988), cert. denied, 489 U.S. 1022 (1989); United States v. Bowers, 834 F.2d 607, 610 (6th Cir.1987) (per curiam).
 
 
 5
 Moreover, a court is not permitted to alter a sentence solely to harmonize it with the sentence given to a codefendant. See United States v. Parker, 912 F.2d 156, 158 (6th Cir.1990). The offense level was properly adjusted upward for the obstruction of justice because Wocher does not deny that she engaged in the conduct underlying the allegation that she harbored her codefendant. See U.S.S.G. § 3C1.1, comment. (n. 3(g)); United States v. Edwards, 911 F.2d 1031, 1034 (5th Cir.1990). Finally, a downward adjustment for acceptance of responsibility is not appropriate absent a showing of extraordinary circumstances, once it is determined that the obstruction of justice adjustment applies. United States v. Williams, 940 F.2d 176, 182-83 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991). Wocher failed to establish extraordinary circumstances to warrant the relief she seeks.
 
 
 6
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.