65 F.3d 169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Jerome MILLER, Defendant-Appellant.
 No. 94-5763.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1995.
 
 Before: RYAN and SILER, Circuit Judges; and MILES, Senior District Judge*.
 MILES, Senior District Judge.
 Billy Jerome Miller appeals his sentence imposed after he entered a plea of guilty to multiple counts arising out of a scheme involving the theft of checks from the United States mail. For the reasons to follow, we AFFIRM.
 * On August 4, 1993, a federal grand jury sitting in the Middle District of Tennessee returned a 32-count indictment charging Billy Jerome Miller and six other individuals with various offenses arising out of a scheme in which social security and Tennessee Department of Human Services checks were stolen from the United States mails and cashed at retail establishments. The indictment charged Miller with eight counts of unlawful possession of the checks, in violation of 18 U.S.C. Secs. 1708 and 2, and three counts of unlawful forgery of endorsements on the treasury checks, in violation of 18 U.S.C. Sec. 495.
 Miller was released on bond pending trial. As one of the conditions of his release, Miller agreed not to change his address or move without permission of the court. In signing the appearance bond, Miller provided an address of 69 Creighton Avenue, Nashville, Tennessee.
 On October 26, 1993, the district court issued an order setting the case for trial on November 30, 1993. On November 19, 1993, Miller's appointed counsel filed a motion for continuance. In her motion, she alleged that she had sent several letters to Miller at his given address and had received no response. Counsel further alleged that she had therefore been unable to consult with her client regarding the case. The district court granted the continuance.
 During Miller's release, on January 3, 1994, the Davidson County General Sessions Court of Nashville, Tennessee issued an arrest warrant charging Miller with aggravated robbery. According to the warrant, Miller had held up an acquaintance at gun point and stolen two rings from her. Subsequently, the district court granted a motion by the government to revoke Miller's bond on the basis that he was an unlikely candidate for appearance at trial. Miller was re-arrested pending trial.
 On March 24, 1994, Miller entered a plea of guilty to seven counts of the indictment, which included four counts of possession of stolen mail (Counts 6, 13, 21, and 28) and three counts of forgery (Counts 18, 19, and 20). On June 3, 1994, the district court sentenced Miller to twenty months imprisonment, with credit to be given of five months for the time that Miller had been jailed pending trial. Miller filed this timely appeal.
 II
 Miller argues that the district court erred in applying a two-level upward adjustment to his guideline sentence for obstruction of justice. "We review a district court's factual findings which underlie the application of a guideline provision for clear error." United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). However, we determine de novo whether those facts as found by the district court warrant the application of a particular guideline provision. Id.
 The relevant guideline provides as follows:
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.
 United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1992). This section applies to conduct such as "willfully failing to appear, as ordered, for a judicial proceeding[.]" Id., comment. (n. 3(e)). The application notes state that "[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness." Id., comment. (n. 2). Miller argues that there is no evidence that he "willfully" obstructed justice because the government presented no proof that he had notice of the trial date. He further argues that he did not fail to appear for a judicial proceeding because his counsel obtained a continuance of the trial.
 The district court adopted the presentence report, which concluded that an enhancement for obstruction of justice was warranted because Miller had "failed to appear as ordered for a judicial proceeding ... willfully impeding the administration of justice during the prosecution of the instant offense." Presentence Investigation Report at 8, p 32.
 
 
 1
 Miller concedes that his counsel sent him two undeliverable letters attempting to notify him of the trial date. Appellant's Brief at 8. Although he contends that he was not aware of the trial date because he did not receive the letters, one of the conditions of his release was that he would not change his address or move without permission of the court. Miller has offered no reason why counsel's letters could not be delivered,[1] and the clear inference to be drawn from this is that he was not residing where he said he was. Given the circumstantial evidence, consisting of defense counsel's inability to contact Miller at his stated address, combined with Miller's failure to explain his whereabouts, the district court did not clearly err in finding that Miller's conduct amounted to willful obstruction of justice. Miller's conduct required his counsel to seek a continuance and delayed the trial. The failure to comply with conditions of release justifies an increase under Sec. 3C1.1 where it results in a delay of the proceedings. See United States v. Perry, 908 F.2d 56, 59 (6th Cir.) (defendant's failure to report for scheduled interview with probation officer and flight for approximately one year, which delayed sentencing, justified increase for obstruction of justice), cert. denied, 498 U.S. 1002 (1990); see also United States v. Defeo, 36 F.3d 272, 276-77 (2d Cir.1994) (defendant's four-month failure to report to pretrial services warranted increase for obstruction of justice). "When the disposition of the charges cannot proceed until the defendant's presence is secured, and when he must be brought to court under arrest, as transpired in this case, there is obstruction of justice." United States v. Teta, 918 F.2d 1329, 1335 (7th Cir.1990). Under the circumstances, the district court did not err in applying the enhancement.
 
 III
 
 2
 Miller argues that the district court erred in denying him a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. As with other guideline provisions which result in a sentence reduction, when a defendant seeks to establish facts which would lead to a reduction for acceptance of responsibility, he bears the burden of proving those facts by a preponderance of the evidence. United States v. Rodriquez, 896 F.2d 1031, 1032 (6th Cir.1990). We review the determination of a defendant's entitlement to a reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1 under the "clearly erroneous" standard. United States v. Tisdale, 952 F.2d 934, 940 (6th Cir.1992).
 
 
 3
 Miller basically argues that the district court erred in failing to credit him with acceptance of responsibility because he acknowledged his involvement in the offense during his guilty plea and during his interview with the probation officer. However, as we have already concluded, the district court did not clearly err in finding that Miller obstructed justice. "[I]t is rare that a defendant should be granted a reduction in offense level for acceptance of responsibility when the court has deemed it appropriate to increase [his] offense level for obstruction of justice." Defeo, 36 F.3d at 277 (citing U.S.S.G. Sec. 3E1.1, comment. (n. 4)). A guilty plea alone does not merit, as of right, a reduction for acceptance of responsibility. United States v. Guarin, 898 F.2d 1120, 1122 (6th Cir.1990). Miller failed to substantiate his claim for a reduction, and the district court therefore did not clearly err in denying one.
 
 IV
 
 4
 Miller argues that the district court erred in assessing, for sentencing purposes, the amount of the loss caused by his conduct. The district court increased Miller's offense level by 5 levels, based on U.S.S.G. Sec. 2B1.1(b)(1)(F), providing for such an increase where the amount of the loss exceeds $10,000 but does not exceed $20,000. We review the district court's findings of fact in this regard under the clearly erroneous standard, giving deference to the district court's application of the guidelines to the facts. See United States v. Wilson, 954 F.2d 374, 376 (6th Cir.1992).
 
 
 5
 Miller argues that he was "directly linked" to only seven of the many stolen checks in this case, these seven having a restitution value of $2,788.[2] However, the presentence report, which the district court adopted, indicates that Miller and co-defendant William Caruthers were the individuals primarily responsible for stealing the checks. The report further indicates that Miller received a portion of the proceeds from all the checks because he drove the car used to commit the thefts. Finally, the presentence report indicates that during the scheme, checks totalling $17,456.43 were stolen from the United States mail and fraudulently cashed.
 
 
 6
 U.S.S.G. Sec. 1B1.3(a)(1)(B) provides that specific offense characteristics shall be determined, in the case of jointly undertaken criminal activity, on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." In this case, we deem it of no consequence that Miller could not be "directly linked" to the negotiation of all of the checks. Miller drove the car used in the thefts and received a share of the proceeds. These facts are sufficient to warrant the five-level increase which the district court applied, subjecting Miller to responsibility for the full amount of the loss.[3]
 
 V
 
 7
 Miller argues that the district court should have departed downward from the guideline range sentence because some of his criminal history points arise from driver's license offenses, which he deems to be minor. However, "a district court's refusal to depart downward is simply not appealable." United States v. Moss, 9 F.3d 543, 554 (6th Cir.1993) (citations omitted). Accordingly, we decline to review this issue.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Wendell A. Miles, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Miller has not, for instance, contended that he mistakenly provided the wrong address to the court or that he changed his address and simply forgot to notify the court, nor has he presented evidence showing where he was residing at the time his attorney's letters were mailed
 
 
 [2]
 Miller was positively connected to these seven checks through handwriting and/or fingerprint samples
 
 
 [3]
 Miller argues that other co-defendants were not assessed responsibility for the total loss and that this makes his sentence fundamentally unfair. He compares his sentence to that of his girlfriend and co-defendant Felisha Rucker, whom he contends received a sentence of probation
 Title 18 U.S.C. Sec. 3553(a)(6) requires the sentencing court to consider, among other things, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. However, departure from the guidelines in order to achieve sentence conformity may not be appropriate where a basis for disparity exists, such as dissimilar criminal histories or other distinguishing criteria. Compare United States v. Nelson, 918 F.2d 1268, 1273 (6th Cir.1990) (district courts not precluded as a matter of law from departing in order to conform sentences of co-conspirators) with United States v. Parker, 912 F.2d 156, 158 (6th Cir.1990) (court may not depart from sentencing range established by the guidelines based solely on co-defendant's sentence). Miller's co-defendants' sentences are not before this panel on review, and he has failed to substantiate his argument that Rucker or other co-defendants were similarly situated to him for sentencing purposes.