**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Frankie LaSALLE, Defendant–Appellee.**

No. 91–3337.

United States Court of Appeals,
Sixth Circuit.

Submitted Sept. 26, 1991.

Decided and Filed Nov. 5, 1991.

Joseph R. Wilson, Asst. U.S. Atty. (briefed), Thomas O. Secor, Asst. U.S. Atty., Office of the U.S. Atty., Western Div., Toledo, Ohio, for plaintiff-appellant.

Alan S. Konop (briefed), Konop & Cameron, Toledo, Ohio, for defendant-appellee.

Before MILBURN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge *.

MILBURN, Circuit Judge.

The plaintiff-appellant, United States of America, appeals the sentence imposed on the defendant's guilty plea to possession with intent to distribute cocaine and cocaine base. The issue raised by the government is whether the district court departed unreasonably in imposing a 63–month prison term, far below the minimum 210–month sentence required by the sentencing guidelines, because of its dissatisfaction with the career sentencing provisions of the guidelines. For the reasons that follow, we vacate and remand.

## I.

The facts giving rise to defendant Frankie LaSalle's plea of guilty are not in dispute. Defendant-appellee Frankie LaSalle was arrested on January 11, 1990, along with two co-defendants, June Jackson and Julie McEntire, in Van Wert County, Ohio. Located in the vehicle driven by McEntire were 83.4 grams of cocaine hydrochloride, 31.9 grams of cocaine base, and a loaded .38 caliber Smith & Wesson revolver. Located in the vehicle driven by defendant LaSalle were several .38 caliber rounds. Defendant LaSalle has acknowledged that he drove the van, which is owned by his co-defendant and half sister, June Jackson, from their homes in Detroit, Michigan, to Fort Wayne, Indiana. LaSalle also admitted that he knew Jackson was traveling to sell cocaine.

LaSalle was indicted on March 8, 1990, with his two co-defendants for possessing with intent to distribute 83.4 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count I); for possessing 31.9 grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II); and for using or carrying a .38 caliber revolver during and in relation to a drug

trafficking crime in violation of 18 U.S.C. § 924(c).

Although defendant LaSalle was released on bond following his indictment, he was found to have violated his conditions of release on October 11, 1990, for failure to appear at a pretrial hearing. However, on January 22, 1991, he entered a guilty plea before the district court pursuant to an oral plea agreement which provided that in exchange for pleas of guilty to Counts I and II, the government would dismiss Count III at the time of sentencing. In addition, the government agreed that no charge could be brought against the defendant for his failure to appear while on bond, and the government further agreed that it would recommend that the sentence to be imposed coincide with the bottom of the guideline range.

The presentence report noted that because LaSalle had at least two prior convictions for offenses of violence; viz., attempted breaking and entering and assault with intent to murder, he met the definition of "career offender" under section 4B1.1, United States Sentencing Guidelines ("U.S.S.G."). In addition, because the offense statutory maximum for Count II was 25 years or more, the offense level was 34. A two-level reduction for acceptance of responsibility was recommended which would reduce the final offense level to 32. Accordingly, based upon a criminal history category VI, the guideline range of imprisonment was calculated at 210 to 262 months. The probation officer found no grounds of an aggravating or mitigating nature that would underpin a departure from the applicable guideline range.

On March 19, 1991, the case came before the district court for sentencing. The court departed downward and sentenced the defendant to 63 months on Counts I and II, with the sentences to run concurrently. In his departure statement, the district judge stated the following:

> The thing that causes me the most difficulty is that under the law, Mr. LaSalle is chargeable as a career offender and that's not because he's been in a lot of

* Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

trouble recently, that's because of things that happened a long time ago, I think the most recent of them is more than ten years past. I realize that from a technical standpoint perhaps habitual criminal laws and career offender laws are Constitutionally permissible, ... but I have long since resolved it in my own mind and in my own mind, career criminal statutes or rules or habitual criminal laws are an Unconstitutional violation of the double jeopardy clause. They may also collaterally be questionable [as] ex post facto laws.... There's disparity and disparity.... The sentence of the disparity that occurs when various people are involved in a single offense and the sentences are disparate, ... that kind I do worry about, and in this case, the Defendant in this, that's before me at the moment is probably the least guilty of the three participants in the offense, his participation was the least of the three, and yet here he's laying here, if I pay any attention to this career criminal business, he's going to suffer at least twice as great a penalty as the ones that, that were really at fault and the real serious wrongdoers in the matter, and that's the kind of disparity that I am not willing to stand for.... *and so I am simply not going to follow the guidelines that require me to sentence Mr. LaSalle as a, as a career criminal. As I say, I think it, I think such a sentence would be disparate....*

(Emphasis added.)

## II.

Appellate review of a district court sentence entered pursuant to the Sentencing Guidelines is provided for in 18 U.S.C. § 3742, which states in relevant part:

(e) Consideration.—Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the applicable guideline range, and is unreasonable....

The government's appeal is predicated upon 18 U.S.C. § 3742, which provides in relevant part:

(b) Appeal by the Government.—The Government, may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence ...

(3) is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the minimum established in the guideline range....

Departures pursuant to U.S.S.G. § 4B1.1 are specifically authorized by statute. 18 U.S.C. § 3553(b) states in relevant part:

(b) **Application of guidelines in imposing a sentence.**—The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.

In this case, the probation officer found no grounds of an aggravating or mitigating nature that would underpin a departure from the applicable guideline range.

A district court may not depart downward because he believes a career offender sentence would be excessive. *See, e.g., United States v. Norflett,* 922 F.2d 50, 53 (1st Cir.1990). With regard to the age of a defendant's prior convictions as a basis upon which to depart from a career offender guideline, the Sentencing Commission determined that offenses committed within fifteen years of the instant offense are to be considered. *See* U.S.S.G. § 4A1.2(e). Thus, the Sentencing Commission fully considered what effect the age of past crimes

was to have on a defendant's sentence, and while the age of certain convictions affects where in the guideline range a defendant should fall, it does not justify a departure from the guidelines. *United States v. Richardson*, 923 F.2d 13, 17 (2d Cir.1991).

A sentencing court should strive "to avoid unwarranted sentence disparities among defendants with *similar records* who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (emphasis added). The objective of this statute is not to eliminate sentence disparities between defendants of the same case who have different criminal records; rather, the objective is "to eliminate unwarranted disparities nationwide. An applicable guideline range may seem harsh ... when compared to that of a co-defendant, but it is the same range applicable throughout the country for all offenders with the same combination of offense conduct and prior record." *United States v. Joyner*, 924 F.2d 454, 460 (2d Cir.1991). Furthermore, to reduce a defendant's sentence because of a perceived disparity between the sentences of one defendant and that of his co-defendant in the same case creates a new and unwarranted disparity between that first defendant's sentence and the sentences of all the defendants nationwide who are similarly situated. *Id.* at 460–461; *United States v. Carr*, 932 F.2d 67, 73 (1st Cir.1991). In this connection, it appears that defendant LaSalle's record serves to make him a career offender whereas the records of the others involved in the instant crime do not make them career offenders. Thus, a reduction in LaSalle's sentence simply to eliminate a disparity as compared to his co-defendants' sentences is unreasonable. *See, e.g., United States v. Gessa*, 944 F.2d 265 (6th Cir.1991); *United States v. Parker*, 912 F.2d 156 (6th Cir.1990); *United States v. Nelson*, 918 F.2d 1268, 1275 (6th Cir.1990).

In addition, it is well established that habitual criminal laws, which the career offender guidelines emulate, withstand ex post facto and double jeopardy challenges. *See Spencer v. Texas*, 385 U.S. 554, 560, 87 S.Ct. 648, 651–52, 17 L.Ed.2d 606 (1967). Furthermore, the Sentencing Guidelines

and the enabling legislation have passed constitutional muster. *See Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

Finally, in *United States v. Robison*, 904 F.2d 365, 373 (6th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 360, 112 L.Ed.2d 323 (1990), this court, in reversing a departure from the guidelines, stated:

> Whether a judge agrees or disagrees with the Guidelines, it is his duty to abide by those ranges and depart only in the "unusual" cases where the Guidelines do not adequately take into account the nature of the crime. In short, it is the *United States Sentencing Commission* Guidelines, not individual judges, that now dictate the appropriate range of sentences in a case.

### III.

In view of the district court's unwarranted and unreasonable departure from the Sentencing Guidelines, we VACATE the sentence imposed and REMAND this case to the district court with instructions to resentence the defendant within the Guideline range of 210–262 months.