980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frankie LaSALLE, Defendant-Appellant.
 No. 92-3215.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.*
 
 ORDER
 
 1
 Frankie LaSalle, a pro se federal prisoner, appeals the district court's judgment following this court's remand for resentencing. United States v. LaSalle, 948 F.2d 215 (6th Cir.1991). In addition, he moves the court to stay his transfer pending the disposition of this appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 LaSalle pleaded guilty in 1991 to possession with intent to distribute cocaine hydrochloride and cocaine base in violation of 18 U.S.C. § 841(a)(1). The United States Probation Office calculated LaSalle's sentencing guideline range under the career offender provision of U.S.S.G. § 4B1.1, and determined that the applicable prison range was 210 to 262 months. The district court, however, was unwilling to sentence LaSalle as a career offender and sentenced LaSalle to 63 months imprisonment and 4 years supervised release. The government timely appealed and a panel of this court vacated LaSalle's sentence and remanded the case to the district court "with instructions to resentence the defendant within the Guideline range of 210-262 months." LaSalle, 948 F.2d at 218. Upon remand, the district court sentenced LaSalle to 210 months, the minimum sentence available within the applicable guideline range.
 
 
 3
 On appeal, LaSalle argues that the district court failed to consider that it could depart downward from 210 months based upon the record and his counsel's argument at resentencing. He requests a transcript at government expense in his brief.
 
 
 4
 Upon review, we affirm the district court's judgment because it properly followed the mandate of this court in resentencing LaSalle. "A trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review but must enter an order in strict compliance with the mandate." Piambino v. Bailey, 757 F.2d 1112, 1119-20 (11th Cir.1985) (citing In re Sanford Fork & Tool Co., 160 U.S. 247, 255 (1895)), cert. denied, 476 U.S. 1169 (1986). See also Bethea v. Levi Strauss and Co., 916 F.2d 453, 456 (8th Cir.1990). In any event, LaSalle did not present facts which would either support a finding of mitigating circumstances or justify a downward departure. It is settled that a defendant has the burden of proving mitigating facts by a preponderance of the evidence. See United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 111 S.Ct. 565 (1990).
 
 
 5
 Accordingly, the district court's judgment is affirmed. LaSalle's motion to stay transfer is denied as moot. The request for free transcript is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Max Rosenn, Senior Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation