19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frankie LaSALLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4125.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 1
 Before: RYAN and NORRIS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Frankie LaSalle, a federal prisoner, requests the appointment of counsel and appeals a district court order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 LaSalle entered a guilty plea to charges of possession with intent to distribute cocaine and possession with intent to distribute cocaine base. Because his criminal history qualified him as a career criminal, he was subject to a sentence of between 210 and 262 months. However, the district court declined to sentence him as a career criminal, citing a perceived violation of the Double Jeopardy Clause, an ex post facto application of the law, the age of LaSalle's prior convictions, and his minimal role in the offense of conviction. Instead, LaSalle was sentenced to 63 months of imprisonment. The government appealed, and this court reversed and remanded with instructions to sentence LaSalle within the career criminal range. United States v. LaSalle, 948 F.2d 215, 218 (6th Cir.1991). On remand, LaSalle's counsel argued that the guideline range was overly harsh. The district court resentenced LaSalle to 210 months of imprisonment. LaSalle then appealed, arguing that he was entitled to a downward departure. This court affirmed the resentencing, finding that the district court had properly complied with the mandate of the prior case.
 
 
 4
 LaSalle then filed this motion to vacate, arguing that the district court erred in strictly following the mandate on resentencing because he was entitled to a downward departure based on allegations that his criminal history was overstated and that he played a minimal role in the underlying offense. The district court denied the motion, finding that it was required to follow this court's mandate as to issues raised and decided on direct appeal, and that, to the extent LaSalle had refined his arguments to raise a new issue, the issue had been waived by LaSalle's failure to raise it earlier. On appeal, LaSalle continues to argue that the district court should have ignored this court's mandate on resentencing.
 
 
 5
 Upon review, we conclude that the district court properly imposed a sentence in compliance with this court's mandate on remand, as no new evidence was presented, there had been no change in the law, and this court's decision had not been shown to be clearly erroneous. See Miles v. Kohli & Kaliher Assocs., Ltd., 917 F.2d 235, 241 & n. 7 (6th Cir.1990).
 
 
 6
 LaSalle's arguments concerning the age of his prior convictions and his minimal role in this offense had been rejected by this court on direct appeal. LaSalle, 948 F.2d at 217-18. Accordingly, he could not raise these issues in a Sec. 2255 motion, as they had already been litigated. See United States v. Jones, 918 F.2d 9, 10-11 (2d Cir.1990) (rule applies even where issues were initially raised by the government in its appeal) (per curiam).
 
 
 7
 To the extent LaSalle refined his argument about his criminal history in this motion to essentially minimize his culpability for his prior offenses, the district court properly refused to consider this issue, as it had been waived by LaSalle's failure to present it prior to sentencing. See Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984).
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's order denying relief under Sec. 2255 is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation