67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Otis CHAMBERS, (Case No. 94-2418) Belinda Lumpkin, (Case No.
94-2432) Billy Joe Chambers, (Case No. 95-1048)
Petitioners-Appellants,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-2418, 94-2432 and 95-1048.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1995.
 
 Before: MARTIN and BOGGS, Circuit Judges, and HOOD, Circuit Judge.*
 
 ORDER
 
 1
 Otis Chambers, Belinda Lumpkin and Billy Joe Chambers appeal from a judgment denying their separate motions to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Otis Chambers, Belinda Lumpkin and Billy Joe Chambers (along with several others) were convicted after a jury trial for their roles in a massive drug trafficking conspiracy. A panel of this court affirmed the convictions of all defendants except Belinda Lumpkin. United States v. Chambers, 944 F.2d 1253 (6th Cir.1991), cert. denied, 502 U.S. 1112, and cert. denied, 503 U.S. 989 (1992). Belinda Lumpkin's conviction was vacated for reasons not relevant to the present appeal, but was eventually reinstated.
 
 
 3
 In 1994, Otis Chambers, Belinda Lumpkin and Billy Joe Chambers filed separate motions to vacate in which they challenged the constitutionality of their 1988 convictions. The district court summarily denied all three motions, as well as motions filed by two other co-defendants, in a single order. These appeals followed. The parties have briefed the issues; the three appellants are proceeding without benefit of counsel. In addition, Otis Chambers moves for the appointment of appellate counsel.
 
 
 4
 The three appellants were convicted of playing parts in a drug distribution organization known as the "Chambers Brothers Organization." During the course of the government's case, one officer related the statements of Billy Joe Chambers to the effect that the Chambers Brothers Organization was responsible for processing 3-5 kilograms of powder cocaine into crack cocaine per week. The jury found the defendants guilty of a conspiracy that began in 1983 and continued until 1988 and generated as much as $200,000 a day. The district court proceeded to sentence the defendants under the guidelines. The court calculated each defendant's base offense level inter alia with reference to the "3-5 kilograms per week" estimate attributed to Billy Joe Chambers.
 
 
 5
 The present motions and appeals are directed to the sentences received. Otis Chambers contends that his guideline sentence was calculated incorrectly, his trial counsel was ineffective in not preventing this mistake and he does not have the ability to pay the monetary fine imposed. Belinda Lumpkin's action repeats the first two elements of Otis Chambers's appeal. Billy Joe Chambers contends that his continuing criminal enterprise sentence was illegally enhanced and incorrectly computed, his trial counsel was ineffective, and the district court should have held an evidentiary hearing on his motion to vacate.
 
 
 6
 To prevail on a Sec. 2255 motion to vacate, a defendant must demonstrate a fundamental defect in the underlying criminal proceedings that resulted in a complete miscarriage of justice or an egregious error violative of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The three defendants' claims for relief are based on alleged errors of federal constitutional law and federal statutory law. A claim based merely on a violation of federal statutory law, e.g., a specific statute, a rule of procedure or a guideline sentence directive, must also be accompanied by proof of aggravating circumstances rendering the need for habeas corpus relief apparent. Reed v. Farley, 114 S.Ct. 2291, 2297-98 (1994) (citing United States v. Timmreck, 441 U.S. 780, 784-85 (1979), and Hill v. United States, 368 U.S. 424, 428-29 (1962)). This court reviews de novo a judgment denying a Sec. 2255 motion while examining the factual findings for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994).
 
 
 7
 Otis Chambers set forth two claims for relief in his motion to vacate and a third in a separate motion that does not appear in the record before the court. The two claims in his motion to vacate are directed to the propriety of his guideline sentence and the effectiveness of his trial counsel. The third claim is that his fine should have been reduced owing to financial hardship. The district court summarily rejected the first two claims in the body of the judgment while noting, and disposing of, the third claim in a footnote. Otis Chambers argues the merits of all three claims on appeal.
 
 
 8
 Otis Chambers could have raised a challenge to the calculation of the guideline sentence on direct appeal but did not. Claims that could have been raised on direct appeal but were not will not be entertained in a Sec. 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). Frady applies to a defendant who has pleaded guilty and first raises challenges to his conviction in a collateral attack. Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 9
 Otis Chambers has not demonstrated or even alleged cause for the omission or prejudice resulting therefrom apart from his second claim of ineffective assistance of trial counsel. Ineffective assistance of counsel may constitute cause in this context, Murray v. Carrier, 477 U.S. 478, 488 (1986), if it rises to the level set forth in Strickland v. Washington, 466 U.S. 668 (1984). Thus, unless Chambers can demonstrate the ineffectiveness of his trial counsel, claim one is not cognizable and claim two lacks merit.
 
 
 10
 One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland, 466 U.S. at 687. In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 11
 Otis Chambers contends that his counsel, Mr. Thomas Wilhelm, was ineffective in not registering an objection when the district court decided that the amount of drugs involved could be calculated based on testimony elicited at trial, specifically, Officer Surma's account of Billy Joe Chambers's statements. It is clear, however, that the district court was barraged by a number of objections from a room full of defense attorneys to the use of Officer Surma's testimony. Counsel was not required to join in to preserve Otis Chambers's objections to this procedure. United States v. Lefkowitz, 284 F.2d 310, 313 n. 1 (2d Cir.1960) (Friendly, J.), cited with approval in United States v. Cassity, 631 F.2d 461, 466 (6th Cir.1980). Therefore, counsel was not ineffective at trial and was not required by the Constitution to raise frivolous defenses or arguments on appeal to avoid a charge of ineffective representation. Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986). Claim one is not cognizable in this forum and claim two lacks merit.
 
 
 12
 The issue lacks merit. Recent case law mandates the summary rejection of Otis Chambers's attempt to litigate the propriety of his fine in a motion to vacate. In United States v. Watroba, 56 F.3d 28 (6th Cir.1995) (amended opinion), this court reaffirmed the principle that a monetary fine is not a restraint on liberty for the "in custody" requirement of 28 U.S.C. Sec. 2255. This appeal is meritless.
 
 
 13
 Belinda Lumpkin's motion to vacate contains virtually the same two initial claims made by Otis Chambers: (1) that her sentence was incorrectly calculated with reference to the amount of drugs involved in the conspiracy; and (2) that her attorney was ineffective for failing to challenge the testimony underlying this finding. Lumpkin, like Otis Chambers, did not raise the sentencing claim on direct appeal and has not set forth any reason to excuse this failure other than ineffective assistance of trial counsel. Her arguments, as those of Otis Chambers, are likewise unpersuasive.
 
 
 14
 Billy Joe Chambers raises three issues in his appellate brief. The first issue is that his appellate counsel was ineffective for failing to contest the merits of a departure sentence. His second issue is addressed to the district court's calculation of his sentence for his continuing criminal enterprise conviction, including the upward departure in this context.
 
 
 15
 Chambers was resentenced after the government conceded error in the calculation of his original sentence. Chambers, 944 F.2d at 1268-69. Billy Joe Chambers took a direct appeal from his resentencing in which he raised the same or similar issues found in the present appeal. A panel of this court affirmed the sentence given Billy Joe Chambers on his direct appeal of that resentencing. United States v. Chambers, Nos. 93-1011/1028/1347, 1994 WL 12649 (6th Cir. Jan. 19, 1994) (per curiam), cert. denied, 114 S.Ct. 2686 (1994). Issues raised and considered on direct appeal may not be relitigated absent extraordinary circumstances not presented here. See, e.g., Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). Thus, neither of Billy Joe Chambers's first two appellate issues has any merit.
 
 
 16
 The final appellate argument of Billy Joe Chambers is that the district court erred in dismissing his present motion to vacate without first conducting an evidentiary hearing. A district court may dispose of a motion to vacate without first conducting an evidentiary hearing where the entire record shows that the movant is entitled to no relief. 28 U.S.C. Sec. 2255. This court reviews a district court's decision not to hold an evidentiary hearing for an abuse of discretion. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991).
 
 
 17
 Billy Joe Chambers set forth four grounds for relief in his Sec. 2255 motion to vacate: the two claims mentioned above, the disparity between his sentence and that of his co-defendants and the alleged "unfair appeal" he received at the hands of the Sixth Circuit. As noted, the first two claims are easily disposed of on the record. The third claim, a bald assertion that his sentence should be equal to that given to his co-defendants, is not supported on the record or in law. See, e.g., United States v. LaSalle, 948 F.2d 215, 218 (6th Cir.1991) (not reasonable for district court to depart from guideline sentence range merely to harmonize sentences among co-defendants). Finally, a claim that one was not accorded a "fair appeal" in this court is uniquely suited to summary dismissal. This appeal is meritless.
 
 
 18
 Accordingly, the motion for the appointment of appellate counsel is denied and the district court's judgments are affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation