72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Davy LUONG, Defendant-Appellant.
 No. 95-5358.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1995.
 
 Before: MARTIN and JONES, Circuit Judges; and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 On November 23, 1994, Davy Luong pled guilty to one count of conspiracy to possess with intent to distribute and distribution of cocaine and marijuana. Luong's oral plea agreement provided in part that (1) he would be sentenced as a "career offender" under U.S.S.G. Sec. 4B1.1; (2) the offense involved was a controlled substance offense; (3) Luong had at least two prior felony convictions involving violence or controlled substances that were countable under the sentencing guidelines; and (4) the offense statutory maximum under Section 4B1.1(C) would be twenty years or more. As part of the agreement, the United States stipulated to a two-level reduction for acceptance of responsibility, and stated that it would forego seeking any enhancement for obstruction of justice. The United States also agreed to dismiss three other counts of the indictment.
 
 
 2
 At Luong's re-arraignment on November 23, the district court, in compliance with Rule 11, specifically asked Luong if he understood the plea agreement, the applicable guidelines range, and the minimum sentence that he could receive. The transcript of the proceeding clearly shows that Luong understood and agreed to the terms of the negotiated plea agreement. At that time, the court also informed Luong that a presentence report would be prepared, and that he would be permitted to withdraw his plea if the guidelines range exceeded the range stated in the agreement.
 
 
 3
 At the sentencing hearing on February 24, 1995, Luong's lawyer objected to the presentence report calculations. In response, the court asked Luong whether he was seeking to withdraw his plea. When Luong replied that he was not seeking to do so, the court overruled the objections to the presentence report, and sentenced Luong to fourteen years in prison. Luong's lawyer stated that he had no legal objections to the sentence.
 
 
 4
 This court reviews a district court's factual determinations with respect to the sentencing guidelines for clear error. United States v. Williams, 952 F.2d 1504, 1514 (6th Cir.1991). The legal determination of whether certain factual findings warrant the application of a particular guideline is reviewed de novo. United States v. Sanchez, 928 F.2d 1450, 1458 (6th Cir.1991).
 
 
 5
 On appeal, Luong argues that he somehow misunderstood the terms of the plea agreement and that the government "overrepresented the 'break' that [he] would receive from taking the plea agreement." (Brief for the Appellant, p. 6). In addition, although classified as a "career offender," Luong argues that the district court should have granted him a downward departure because his prior record was not an accurate reflection of his propensity to commit crime.
 
 
 6
 Luong's claim that he misunderstood the terms of his plea agreement is without merit. The transcripts of the re-arraignment and sentencing hearing refute Luong's argument that he was misled into pleading guilty. The district judge complied with Rule 11 of the Rules of Criminal Procedure, and Luong clearly indicated that he understood the terms of his plea agreement at the time he pled guilty. The trial court committed no error in sentencing Luong in accordance with the terms of that agreement.
 
 
 7
 Luong's claim that the court should have sentenced him below the guidelines level that he agreed to is likewise without merit. Not only was there no basis for the court to do so, but a district court may not grant a downward departure simply because it believes a career offender statute would be excessive. United States v. LaSalle, 948 F.2d 215, 217 (6th Cir.1991). Moreover, a district court's refusal to depart downward is not appealable. United States v. Moss, 9 F.3d 543, 554 (6th Cir.1993).
 
 
 8
 Luong's final argument on appeal is that the statutory maximum term was calculated based on an incorrect quantity of drugs involved in this matter. Luong claims that the government's calculation improperly included one ounce of cocaine that was not charged in the indictment. Luong makes this argument purely as a matter of principle because he concedes that a recalculation would have no effect on his sentence. Luong does argue, though, that the alleged miscalculation provides this court with an additional basis for a downward departure.
 
 
 9
 We hold that the district court did not err in including the one ounce of cocaine in calculating the total quantity of controlled substances involved in Luong's offense. At the time of his plea, Luong admitted distributing the ounce of cocaine along with the five pounds of marijuana alleged in the indictment. Under U.S.S.G. Sec. 1B1.3(a)(1), a defendant's base offense level is determined with reference to all acts occurring during the commission of the offense of conviction. The total quantity of controlled substances that Luong admitted distributing at the time of his plea was equivalent to 81.82 kilograms of marijuana. We find that the trial court did not err in sentencing Luong based on all relevant conduct that he admitted. Furthermore, even if the one ounce of cocaine were to be excluded from the government's calculation, Luong's status as a "career offender" and his sentence would not be affected. AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation