**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steve L. NEWELL, Defendant– Appellant.**

**No. 02–5070.**

United States Court of Appeals, Sixth Circuit.

April 29, 2002.

Before RYAN, DAUGHTREY, and MOORE, Circuit Judges.

*ORDER*

Steve L. Newell, a federal prisoner, ap- peals the sentence imposed upon his con- viction for preparing a fraudulent income tax return in violation of 26 U.S.C. § 7207. The parties have waived oral argument and this panel unanimously agree that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On October 2, 2001, Newell pleaded guilty to a one-count information charging the offense described above pursuant to a written plea agreement. Newell, an ac- countant, moved for a downward departure on grounds of sentencing parity with his client (the defendant in a closely-related

case), a criminal history score that substantially overstated his criminal history, and the fact that Newell did not stand to gain substantial economic benefit from the tax fraud. The district court sentenced Newell on December 18, 2001, to five months in prison and one year of supervised release, five months of which would be spent in home detention. The court also imposed a $5,000 fine. This sentence incorporated a one-level downward departure because of the overstated criminal history. The judgment was entered on December 21, 2001. In a subsequent order, the district court delayed Newell's surrender date until March 31, 2002.

On appeal, Newell argues that the district court should have departed downward enough so that he would receive a sentence of probation as did the defendant in the related case.

This court reviews for abuse of discretion a district court's departure from a recommended sentence under the Sentencing Guidelines. *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Yang,* 281 F.3d 534, 545 (6th Cir.2002). However, we have no jurisdiction over an appeal "based on a district court's failure to depart downward enough to satisfy the defendant." *United States v. Gregory,* 932 F.2d 1167, 1169 (6th Cir.1991); *see also United States v. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996). In addition, there is "no jurisdiction over appeals which argue that the district court failed to properly weigh certain factors in departing downward." *United States v. Lively,* 20 F.3d 193, 199 (6th Cir.1994).

This court has held that "district courts 'are not precluded *as a matter of law* from departing from the guidelines to conform one conspirator's sentence to the sentences of co-conspirators.'" *United States v. Epley,* 52 F.3d 571, 583 (6th Cir.1995) (quoting *United States v. Nelson,* 918 F.2d 1268,

1273 (6th Cir.1990)). But the purpose behind the guidelines is "'to avoid unwarranted sentence disparities among defendants with *similar records* who have been found guilty of similar conduct.'" *United States v. LaSalle,* 948 F.2d 215, 218 (6th Cir.1991) (quoting 18 U.S.C. § 3553(a)(6) (emphasis added)). The objective is, thus, to eliminate unwarranted sentence disparities nationwide, not to eliminate sentence disparities between codefendants who have different criminal records. *Id.* The district court concluded, under the facts of this case, that Newell and his client did *not* have similar backgrounds for sentencing purposes and that a sentence of incarceration for Newell was warranted.

Accordingly, because the extent of the district court's downward departure is not reviewable, this appeal is dismissed.