NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0269n.06

No. 22-1677

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 13, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff-Appellee, ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| ) | |
| v. ) | |
| ) | |
| IVAN HUERTA HERNANDEZ, ) | |
| Defendant-Appellant. ) | OPINION |
| ) | |

Before: BOGGS, WHITE, and BUSH, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Ivan Hernandez appeals his 87-month sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. Hernandez asserts that his sentence is substantively unreasonable because the district court failed to give sufficient weight to his work history and personal characteristics, his lack of any prior criminal history, and the nonviolent nature of his offense, and because his sentence is lengthier than his codefendants. We conclude that the district court did not abuse its discretion in imposing a within-Guidelines sentence, and AFFIRM.

**I.**

In April 2022, Hernandez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(ii) and (a)(1). After concluding that the statutory safety valve applied,[1] the

---

[1] 18 U.S.C § 3553(f) permits a sentencing court to disregard the statutory minimum sentence for a defendant convicted of certain controlled-substance offenses if five criteria are satisfied: (1) a minimal prior criminal record; (2) the absence of violence in connection with the offense; (3) the absence of death or serious bodily injury to a person

district court calculated Hernandez's sentence range as 87 to 108 months' imprisonment. Neither

party objected to this calculation; however, Hernandez requested a sentence below the Guideline

range based on his personal history and background. According to his sentencing memorandum:

> [Hernandez] grew up in a poor area of Mexico. His father died when he was young. He quit school and took to the fields to provide for his siblings when he was just a child himself. Soon after leaving Mexico to live in the United States at the young age [of] 17, his mother died, leaving Mr. Hernandez's two youngest siblings as orphans. Mr. Hernandez, working two jobs for over 10 years, made sure his two youngest siblings came to the United States and he provided financial and emotional support for them, trying to fill the holes left by their deceased parents. Mr. Hernandez readily admits that he made a terrible decision to traffic in narcotics. He began with small amounts, and as time passed, he made more money to help his family. Quantities increased and he took the easy path to provide for his family. Yet, even while engaging in drug trafficking, he never threatened anyone, did not commit any acts of violence, and never carried a firearm during transactions.

R. 332, PID 1367. Defense counsel repeated this request at sentencing, emphasizing Hernandez's

background. Hernandez also spoke at sentencing to both express his remorse and reiterate that his

motivation was to provide for his family.

The district court sentenced Hernandez to 87 months' imprisonment. It explained, in

relevant part:

> I have considered all of the defendant's arguments in support of his request for a lower sentence. The 3553 factors are the nature and circumstances of the offense and the history and characteristics of the defendant. The sentence must reflect the seriousness of the offense; promote respect for law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; provide the defendant with needed medical, educational, and/or correctional treatment; the need to avoid unwarranted sentencing disparity among similarly situated defendants; any guideline policy statements that pertain; and the kinds of sentences available to the Court.
>
> . . .
>
> First, the Court notes for the record the letters that the Court has received that was [sic] attached to [defense counsel's] sentencing memorandum. It's obvious that the

---

in connection with the offense; (4) a low-level status within the criminal enterprise—i.e., "the defendant was not an organizer, leader, manager, or supervisor of others in the offense"; and (5) cooperation with the government.

defendant has very significant loving support of his family, which he will undoubtedly lean on in the coming years while he is incarcerated. The Court also notes his difficult upbringing and the difficult circumstances that were attendant to his personal family situation, but unfortunately, during the course of that time, Mr. Hernandez was involved in a conspiracy to distribute drugs, which under normal circumstances, would carry a mandatory minimum sentence of 120 months. There is a substantial amount of cocaine involved in this conspiracy, and absent the application of the Safety Valve Provision of the guidelines, Mr. Hernandez would be facing at least 120 months, but because of his lack of prior record, he does qualify for the Safety Valve Provision, and the guideline range becomes 87 to 188 [sic] months.

I also want to commend Mr. Hernandez for his well spoken allocution here this afternoon. I think he has totally absorbed the nature of his criminality, and understands that he did wrong. I think it's very likely that Mr. Hernandez will be released on supervised release after completing the term of imprisonment I am about to impose, and complete supervised release without incident, and move on with his life with his family. The nature and circumstances of the offense here, as I've already stated in part are grave indeed. Cocaine is a major drug of choice for substance abuse users in our country. And while Mr. Hernandez obviously has a very supportive family, I wonder how much thought he was giving at the time that he was engaged in this conspiracy in terms of where these drugs were going after he and his compatriots were delivering them, and what family wreckage was caused as a result of use of cocaine by others in families across the Western District of Michigan.

I do have to be mindful of general deterrence of others who might contemplate similar criminal activity. As I've already indicated, I don't believe Mr. Hernandez is a threat to the public in any way as he moves forward with his life. I think he has been already specifically deterred. The application the Safety Valve here is obviously important to the defendant, and I recognize the request for a variance from the advisory guideline range, but the application of the Safety Valve, I think, addresses all of the issues addressed by [defense counsel] in his sentencing memorandum. And to promote respect for the drug laws of the United States and provide just punishment and reflect the seriousness of the offense, I think a sentence at the low end of the advisory guideline range, after the application of the Safety Valve, is the appropriate sentence in this case. Accordingly, it's the judgment of the Court the defendant is committed to the custody of the Bureau of Prisons for a term of 87 months.

R. 361, PID 1599-02. Hernandez timely appealed.

**II.**

Hernandez does not contest the government's factual allegations, and he concedes the accuracy of his sentence range as calculated by the district court. His sole argument on appeal is a claim of substantive unreasonableness, which we review under a "deferential abuse-of-discretion standard." *United States v. Reilly*, 662 F.3d 754, 761 (6th Cir. 2011).

A sentence within the applicable Guidelines range is presumed reasonable. *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008) (citing *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006), *abrogated on other grounds by United States v. Young*, 580 F.3d 373 (6th Cir. 2009)). A defendant may overcome this presumption and show substantive unreasonableness if the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)).

Hernandez contends that his sentence is substantively unreasonable because the district court did not give due consideration to his personal history or characteristics, and his "life history balanced against the short period of time that he was involved in the criminal conspiracy should have tipped the scales in favor of a below guideline sentence." Appellant Br. at 9. He also notes that his sentence is lengthier than other codefendants in the case, who received at most 57 months (some receiving only fines and costs). Neither argument has merit.

First, the district court specifically recognized the § 3553 factors invoked by Hernandez, including: his "difficult upbringing and the difficult circumstances that were attendant to his personal family situation." R. 361, PID 1600-01. It also acknowledged the absence of any prior criminal record, and expressed the belief that Hernandez had "totally absorbed the nature of his

criminality," and therefore would likely complete his sentence "without incident" and "move on with his life with his family." *Id.* at PID 1601. Far from ignoring these factors, the district court made clear their relevance to Hernandez's request for a downward variance. But the district court made equally clear that it considered these factors sufficiently addressed by applying the statutory safety valve. *Id.* at PID 1602. ("The application the Safety Valve here is obviously important to the defendant, and I recognize the request for a variance from the advisory guideline range, but the application of the Safety Valve, I think, addresses all of the issues addressed by [defense counsel] in his sentencing memorandum."). Indeed, the sentencing transcript reflects that the district court not only understood the § 3553 factors relevant to Hernandez's plea for leniency, but incorporated those factors into its decision to sentence Hernandez at the bottom of the Guidelines range. We therefore cannot agree that the district court unreasonably ignored the relevant sentencing factors or failed to give them due consideration.

Nor did the district court place undue weight on any of the § 3553 factors. Hernandez argues on appeal that drug dealing represents only "a fraction of who he is as a person," and contends the district court should have sentenced him below the Guidelines range based on the twenty years that he was a "a responsible hardworking father figure to his family." Appellant Br. at 13. But "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify a reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also Reilly*, 662 F.3d at 761 ("[D]emonstrating that the district court could have lawfully imposed a more lenient—indeed, a disparate—sentence is not sufficient [to show substantive unreasonableness]." (citing *Gall*, 552 U.S. at 51)).

Here, the district court explicitly listed the § 3553(a) factors that led it to reject Hernandez's request for a downward variance: a need to deter others from committing a similar offense; a need

to promote respect for the drug laws of the United States; and a need for Hernandez's punishment to reflect the seriousness of his "grave" offense, which involved a "substantial amount of cocaine." R. 361, PID 1601. The district court's conclusion that these factors outweighed Hernandez's personal history and justified a sentence at the low end of the Guidelines range was not unreasonable. *See Rita v. United States*, 551 U.S. 338, 360 (2007) (affirming the substantive reasonableness of the defendant's sentence because "we simply cannot say that [his] special circumstances are special enough that, in light of § 3553(a), they require a sentence lower than the sentence the Guidelines provide"); *see also United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009) ("Ultimately, Defendant's arguments appear to contend that, given his personal characteristics, a different sentence was *justified*. While we might agree, he has not shown that a different sentence was *required*.").

The district court appears to have reasonably balanced the seriousness of Hernandez's crime against the sympathetic nature of his background in imposing a within-Guidelines sentence after application of the safety valve. *See United States v. Carter*, 815 F. App'x 933, 937 (6th Cir. 2020) (affirming the district court's within-Guidelines sentence as substantively reasonable when it "took account of [the defendant's] unfortunate upbringing," but "also recognized the serious nature of the offense given the large amount of drugs involved"). Reversal on this basis is therefore unwarranted.

Finally, Hernandez points out that his "sentence was lengthier than all of the codefendants in his case," and argues that the district court should have "treated and sentenced [him] proportionate to the other codefendants." Appellant Br. at 17. We rejected such arguments in the past, explaining that:

> Section 3553(a)(6) identifies as one of the sentencing factors to be considered "the
> need to avoid unwarranted sentence disparities among defendants with similar

> records who have been found guilty of similar conduct." We have explained, however, that this factor concerns *national* disparities between defendants with similar criminal histories convicted of similar criminal conduct—not disparities between codefendants. *United States v. Simmons*, 501 F.3d 620, 623–24 (6th Cir. 2007); *United States v. LaSalle*, 948 F.2d 215, 218 (6th Cir. 1991).

*Conatser*, 514 F.3d at 521. Here, "there was no suggestion that national uniformity in sentencing was of particular concern in this case," therefore "the district judge could but was not required to consider disparities between codefendants." *Id.* (citing *Simmons*, 501 F.3d at 626); *see also Carter*, 815 F. App'x at 937 (finding a three-year sentence substantively reasonable even though a codefendant received only a two-year term); *United States v. Arellanes-Pena*, 729 F. App'x 430, 434 (6th Cir. 2018) (finding a 210-month sentence substantively reasonable although codefendants received sentences of 66, 120, 48, and 48 months).

Further, as the government observes, Hernandez is distinguishable from his codefendants who were sentenced below the Guidelines range. He was the only defendant both responsible for over 5 kilograms of cocaine—all but one of the other conspirators were responsible for less than 2 kilograms—*and* subject to two separate 2-level enhancements for possession of a firearm in connection with drug materials and for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. Additionally, the codefendants sentenced below their Guidelines ranges all received a downward departure based on substantial assistance (5K1.1). Hernandez received no such adjustment because he "cooperated with the government and provided a detailed account of his own conduct in the instant offense, but chose not to discuss any sources of supply or the conduct of others." R. 330, PID 1344. These differences account for Hernandez's longer sentence.

In sum, sentences within the applicable Guidelines range are afforded the presumption of reasonableness, and Hernandez has not overcome this presumption. Hernandez's claim therefore fails.

### III.

For the reasons set out above, we affirm the district court's sentence.