**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Juan Humberto TZOC–SIERRA,**
**Defendant–Appellee.**

**No. 03–10490.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2004.

Filed Oct. 13, 2004.

Bruce M. Ferg, Assistant United States Attorney, Tucson, AZ, for appellant.

Marcy Miranda Janes, Brian I. Rademacher, Assistant Federal Public Defenders, Tucson, AZ, for appellee.

Before: SCHROEDER, Chief Judge, CANBY, and TALLMAN, Circuit Judges.

CANBY, Circuit Judge:

The United States appeals the sentence imposed on Juan Humberto Tzoc–Sierra following his guilty plea to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The government argues that the district court erred by granting a downward departure based in part on factors forbidden by the United States Sentencing Guidelines ("U.S.S.G."). Applying the new standard of review mandated by the "PROTECT" Act,[1] 18 U.S.C. § 3742, we conclude that the downward departure was justified by the disparity between Tzoc–Sierra's sentence and that of his co-defendants. We therefore affirm the sentence.

## I. Background

Tzoc–Sierra and his co-defendants were arrested during a cocaine sale at a car

---

1. The full name and citation of the PROTECT Act is the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Act of 2003, Pub.L. No. 108–21, 117 Stat. 650 (2003). The Act, among other things, amended the appellate review provisions of 18 U.S.C. § 3742.

wash. All were indicted for conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II). Tzoc–Sierra pleaded guilty to the conspiracy charge.

The Probation Office prepared a Presentence Investigation Report, which calculated Tzoc–Sierra's base offense level at 28. It then reduced that figure by two levels for meeting the "safety valve" criteria, pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, and three more levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. On the basis of a Total Offense Level of 23 and a Criminal History Category of I, the Presentence Report specified a sentencing guideline range of 46 to 57 months imprisonment. The probation officer recommended a midrange sentence of 51 months. The probation officer did not find any factors that would warrant a departure from the sentencing guidelines.

At sentencing, Tzoc–Sierra requested a downward departure based on his disadvantaged upbringing and post-offense rehabilitation. The government objected, pointing out that disadvantaged upbringing and lack of childhood guidance were impermissible reasons to depart downward. See U.S.S.G. § 5H1.12. The government further argued that Tzoc–Sierra's post-offense rehabilitative efforts were not sufficiently extraordinary to justify a downward departure. The district court, after expressing concern that the recommended sentence for Tzoc–Sierra would exceed that of all of the co-defendants except the one whose sentence was enhanced for carrying a firearm, departed downward three levels "under a totality of circumstances all factors considered together." That departure resulted in an adjusted Total Offense Level of 20, with a guideline range of 33 to 41 months. The court then sentenced Tzoc–Sierra to 36 months of incarceration. The United States appeals the sentence and we affirm.[2]

## II. Discussion

■■■ The government argues that the downward departure was based solely on impermissible or unsupported grounds, such as Tzoc–Sierra's socio-economic background or his unexceptional post-offense rehabilitation efforts.[3] It seems apparent from the record, however, that the factor that was of paramount importance to the district court was the disparity between Tzoc–Sierra's recommended sentence and the sentences of his co-defendants.[4] Re-

---

2. We have jurisdiction pursuant to 18 U.S.C. § 3742(b).

3. The government bases this argument on one of the oral statements the district court made before announcing its sentence:

> Recognizing that each factor of those factors argued in departure standing alone, one of those factors would not make this case extraordinary or fall outside the heartland of cases, but under a totality of circumstances all factors considered together, giving the weight as I do to the post-offense rehabilitation efforts for this gentleman, his conduct while incarcerated I find to be extraordinary and laudable, and if you put

that factor, that weighted factor together with the factors pertaining to his upbringing[ ], his socio-economic background, what happened in his childhood, et cetera, I think it's outside the heartland of cases, and I'm going to depart based on the totality of those circumstances.

4. For example, in response to Tzoc–Sierra's argument that the court take into consideration the co-defendants' sentences in determining Tzoc–Sierra's sentence, the district court judge stated, "that thought obviously occurred to me.... I sentenced [Tzoc–Sierra's co-defendants] and I do not want this defendant's sentence to be inappropriate compared to [theirs]." Before announcing the

viewing the downward departure *de novo* under the PROTECT Act,[5] we conclude that the district court's departure is justified by this disparity in sentences among co-defendants. "[A] 'downward departure to equalize sentencing disparity is a proper ground for departure under the appropriate circumstances,' " so long as "the co-defendant used as a barometer for judging the disparity was convicted of the same offense as the defendant." *United States v. Caperna*, 251 F.3d 827, 830–31 (9th Cir. 2001) (quoting in part *United States v. Daas*, 198 F.3d 1167, 1180–81 (9th Cir. 1999)). All of Tzoc–Sierra's co-defendants' pleaded guilty to the same charge as Tzoc–Sierra, yet received sentences that were lower than his, with the exception of one co-defendant who was also charged with using or carrying a firearm in violation of 18 U.S.C. § 924(c). The record indicates that Tzoc–Sierra's co-defendants, other than the one who suffered a firearm enhancement, received sentences ranging from 21 to 38 months, with the possibility that one sealed sentence was lower than that. There is no indication that Tzoc–Sierra is any more culpable than the other defendants. Tzoc–Sierra has no criminal history. We conclude, therefore, that a departure for sentence disparity was justified.

■ We also conclude that the extent of the departure was reasonable. Under the PROTECT Act, once we conclude that the decision to depart was justified, we review the extent of the departure for an abuse of discretion. *See* 18 U.S.C. § 3742(e); *see also, e.g., United States v. Bell*, 371 F.3d 239, 243 (5th Cir.2004); *United States v. Thurston*, 358 F.3d 51, 70 (1st Cir.2004) (stating that the extent of departure is reviewed deferentially, as it was prior to the PROTECT Act). The district court's departure represented a shift of only ten months below the bottom of the otherwise-applicable guideline range, and the resulting sentence was roughly equivalent to that of Tzoc–Sierra's comparable co-defendants. There was no abuse of discretion.

■ In addition to sentence disparity, the district court considered other factors in making its determination to depart downward. Tzoc–Sierra argued that his refugee status provided another ground for downward departure, but neither the factual nor the legal basis for actual refugee status was ever developed. The district court also relied on Tzoc–Sierra's post-offense rehabilitation as a ground for departing downward. "Post-offense rehabilitation—as distinguished from post-sentencing rehabilitation—can be a basis for downward departure." *United States v. Thompson*, 315 F.3d 1071, 1077 (9th Cir. 2002) (concurring opinion). A downward departure for post-offense rehabilitative efforts must be based on a determination that the defendant had "demonstrated an extraordinary level of rehabilitation." *United States v. Working*, 287 F.3d 801, 808 (9th Cir.2002); *see also Thompson*, 315 F.3d at 1077 ("[T]he district court must establish why any factor impelling departure is present to an 'extraordinary' or 'atypical' degree....."). The record here,

---

sentence, the district court judge again said, "I am concerned about the disparity of sentencing based on all the circumstances that Mr. Tzoc–Sierra would receive a greater sentence than any participant other than [the co-defendant] who has the gun."

5. The PROTECT Act provides for *de novo* review of the district court's application of the guidelines to the facts when the sentence is

outside the applicable guideline range and the district court failed, as here, to provide a written statement of reasons or bases its departure on impermissible or unsupported factors. 18 U.S.C. § 3742(e)(3)-(4); *see United States v. Phillips*, 367 F.3d 846, 860–61 (9th Cir.2004) (amended opinion). The standard-of-review provision of the PROTECT Act applies even though it was enacted after Tzoc–Sierra committed his crime. *See id.*

however, offers little to support a finding that Tzoc–Sierra's post-offense rehabilitative efforts were sufficiently extraordinary to justify departure. Finally, the district court relied on several additional, impermissible grounds, including Tzoc–Sierra's disadvantaged upbringing, U.S.S.G. §§ 5H1.12, 5K2.0(d)(1), and his socioeconomic status, U.S.S.G. §§ 5H1.10, 5K2.0(d)(1).

The government argues that, because the district court relied in part on impermissible grounds, we must overturn the sentence and remand for resentencing. *See Koon v. United States,* 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) ("When a reviewing court concludes that a district court based a departure on both valid and invalid factors, a remand is required unless it determines that the district court would have imposed the same sentence absent reliance on the invalid factors."). This contention, however, does not take sufficient account of the amendments to the review provisions of 18 U.S.C. § 3742 made by the PROTECT Act. That section provides:

> (f) Decision and disposition.—If the court of appeals determines that—
>
> (1) the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate; ·
>
> (2) the sentence is outside the applicable guideline range and the district court failed to provide the required statement of reasons in the order of judgment and commitment, or the departure is based on an impermissible factor, or is to an

unreasonable degree, or the sentence was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable, it shall state specific reasons for its conclusions and—

> (A) if it determines that the sentence is too high and the appeal has been filed under subsection (a) [by the defendant], it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate, subject to subsection (g);
>
> (B) if it determines that the sentence is too low and the appeal has been filed under subsection (b) [by the government], it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate, subject to subsection (g);
>
> (3) the sentence is not described in paragraph (1) or (2), it shall affirm the sentence.

18 U.S.C. § 3742(f).

Paragraph (1) is inapplicable here. We have before us a downward departure by the district court that relied in part on impermissible grounds. It is clear that paragraph (1) of § 3742(f) is not directed to this situation, particularly when contrasted with paragraph (2), which deals directly with departures and reliance on impermissible factors.

The district court's downward departure falls within the first portion of paragraph (2) because the departure was based in part on at least two impermissible factors: disadvantaged upbringing and socioeconomic status.[6] Thus the departure quali-

---

**6.** Because the district court's partial reliance on impermissible grounds brings the departure within the scope of the first portion of paragraph 2, we need not address the government's contention that the district court also failed to incorporate its written statement of reasons for departure into the order of judgment and commitment. *See United States v. Daychild,* 357 F.3d 1082, 1107–08 (9th Cir. 2004).

fies as being "based on an impermissible factor, or is to an unreasonable degree." § 3742(f)(2). This statutory language, we conclude, encompasses (but is not necessarily limited to) the situation where the downward departure is based on multiple factors, and some but not all of them are impermissible. So the first part of paragraph (2) applies here.

The remainder of paragraph (2) imposes strict limitations on what is to follow from our determination that the first part of paragraph (2) applies. We may either remand under paragraph 2(A) if it is a defendant's appeal and we determine the sentence is "too high," or we may remand under paragraph 2(B) if it is a government appeal and we determine the sentence is "too low." *See United States v. Rivas–Gonzalez*, 365 F.3d 806, as amended, 2004 WL 2169401 (9th Cir. Sept.27, 2004). Here, it is a government appeal and we cannot conclude that the sentence is too low. As we have already explained, the downward departure merely brings Tzoc–Sierra's sentence into reasonable consonance with the sentences of his equally culpable co-defendants. Tzoc–Sierra's resulting sentence, in our determination, is not too low. His sentence, therefore, is not "described" in paragraph (2) because it falls neither within subparagraph (A) nor within subparagraph (B), and one of those two subparagraphs must apply in order to make the entire paragraph applicable.

Because the district court's departure is not "described" in either paragraph (1) or (2) of § 3742(f), paragraph (3) dictates what we must do. We must affirm the sentence. *See Daychild*, 357 F.3d 1082, 1108 (9th Cir.2004) ("Because we have not determined that the sentence is 'too high' pursuant to 18 U.S.C. § 3742(f)(2)(A), nor that it was 'too low' pursuant to § 3742(f)(2)(B), this case falls precisely under 18 U.S.C. § 3742(f)(3) . . . .").

The judgment of the district court is **AFFIRMED.**