**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Dai BONG KANG, Defendant— Appellee.**

**United States of America, Plaintiff—Appellant,**

v.

**Hyun Ju Lee, Defendant—Appellee.**

No. 04–30070, 04–30073.
D.C. Nos. CR–02–00222–01–FVS, CR–02–00221–FVS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 21, 2004.

Russell E. Smoot, Esq., Spokane, WA, for Plaintiff–Appellant.

Allen M. Ressler, Esq., Browne & Ressler, Seattle, WA, Mark E. Vovos, Esq., Spokane, WA, for Defendant–Appellee.

Before D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM *

The United States appeals the district court's sentence imposed on Dai Bong Kang and Hyun Ju Lee following their convictions pursuant to guilty pleas to the use of a communication device in facilitating the commission of a federal drug crime, in violation of 21 U.S.C. § 843(b). After careful consideration of the briefs, the record, and oral argument, we affirm the judgment of the district court. Because the parties are well familiar with the factual and procedural history of this case, we will not recount it here.

■ The district court did not err as a matter of law in departing downward from the maximum sentence authorized for a violation of 21 U.S.C. § 843(b). The district court reasoned that, where a maximum statutorily authorized sentence is less than the applicable guideline range, the statutory maximum was the appropriate point from which to depart downward. However, it is not necessary for us to reach the question of whether the district court erred in its specific methodology, an issue of some complexity under these somewhat unusual circumstances because, given our careful consideration of the entire record, we conclude that none of the alleged errors "affect[ed] the district court's selection of the sentence imposed." *United States v. Williams,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992); *see also Koon v. United States,* 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

The district court departed downward on the basis of complex, but permissible factors that were supported by the facts of the case. "[A] unique combination of factors may constitute a mitigating circumstance justifying a downward depar-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ture." *United States v. Anders*, 956 F.2d 907, 911 (9th Cir.1992). Although the individual factors, themselves, may not warrant departure, the combination thereof may take the case outside the heartland of cases contemplated by the applicable guideline. *See* U.S. Sentencing Guidelines Manual § 5K2.0, cmt. In reviewing the district court's departures for a combination of factors, we first determine whether the consideration of each individual factor is forbidden by the guidelines. *United States v. Koon*, 518 U.S. 81, 109, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). We then determine whether the combination of the factors that are permissible bases for departure creates a circumstance that mitigates, taking the cases outside the heartland of the applicable Guideline. *Id.; Anders*, 956 F.2d at 914.

■ We agree with district court's determination that a combination of permissible factors took the defendants' cases outside the heartland of similar pseudoephedrine-trafficking cases. Under the unique circumstances of this case, the district court did not err in departing downward for the Defendants' acceptance of responsibility and Lee's minor role in the offense, because § 5G1.1(a) rendered §§ 3B1.2 and 3E1.1 ineffectual in reducing Defendants' actual sentences. Although the district court should not have considered Kang's health condition as a factor warranting departure, this error was harmless in the context of this case.[1]

The district court's departures must be reasonable in their extent, *see United States v. Working*, 287 F.3d 801, 806 (9th Cir.2002), a decision that we review under the deferential abuse of discretion standard, *see United States v. Alfaro*, 336 F.3d 876, 881 (9th Cir.2003). We conclude that the extent of the district court's departures does not constitute an abuse of discretion.[2] *Tzo–Sierra*, at 979.

AFFIRMED.

---

1. In addition, the PROTECT Act, 18 U.S.C. § 3742, which governs this case, does not require remand if the district court relied in part upon impermissible departure factors, as long we determine upon *de novo* consideration of the government's appeal that the sentence is not too low. *United States v. Tzoc–Sierra*, 387 F.3d 978, 979 (9th Cir.2004)

2. We further note that, in his written order, the district judge made it clear that he would impose the same sentence upon remand. Given this, any alleged error would be necessarily be harmless.