**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0147n.06**
**Filed: February 22, 2007**

**No. 05-3728**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAMON M. THOMPSON, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: SILER, MOORE, and ROGERS, Circuit Judges.**

**ROGERS, Circuit Judge.** Damon M. Thompson appeals the 192-month sentence he received following his guilty plea to the charges of conspiracy to distribute over five kilograms of cocaine and using a firearm in relation to drug trafficking. Thompson argues that this sentence is unreasonable because it is unwarrantedly disparate from the sentence of fifty-five months his co-conspirator, Ali Jefferson, received for the same conspiracy charge. Because Thompson's sentence was within the applicable Guidelines range, his sentence is presumptively reasonable. Additionally, the disparity between the sentence Thompson received and the sentence Jefferson received is not

1

unreasonable in light of the additional charge against Thompson and Thompson's more extensive criminal history. The sentence imposed by the district court is, therefore, affirmed.

**I.**

The charges against Thompson arise from his attempt to purchase cocaine from a distributer in Arizona in order to resell the cocaine in Ohio. In March of 2004, Thompson contacted an individual in Tucson whom Thompson believed to be a cocaine distributer. That individual was, in fact, an undercover DEA agent. Thompson traveled to Tucson twice to negotiate the purchase of fifty kilograms of cocaine, which was to be delivered to him in Columbus. On April 20, two undercover agents from Tucson met with Thompson in Columbus to finalize plans for the delivery of the cocaine. Ali Jefferson, whose involvement in the purchase was previously unknown to the agents, joined Thompson at this meeting. During that meeting it was determined that Jefferson's Lexus SUV would be given to the undercover agents as part of the down payment for the cocaine. The agents took the SUV that evening and arranged for Thompson and Jefferson to meet them at a hotel in Columbus the next day. When Thompson and Jefferson arrived at the hotel, Jefferson remained in the lobby while Thompson went upstairs to meet one of the undercover agents. While Thompson met with the agent to complete the transaction, Jefferson was led to a disabled vehicle that supposedly contained the cocaine. Thompson was arrested as he counted out the purchase money. At the time of his arrest, Thompson had a loaded Glock 45-caliber pistol on his person. Jefferson, who was not armed, was arrested as he attempted to enter the disabled vehicle.

In June 2004, Jefferson waived indictment and, pursuant to a plea agreement, pled guilty to one count of conspiracy to distribute over five kilograms of cocaine in violation of 21 U.S.C. § 846 and two criminal forfeiture counts. In February 2005, United States District Judge Gregory L. Frost sentenced Jefferson to fifty-five months incarceration.

Thompson was indicted by the Grand Jury on August 12, 2004. On December 17, 2004, pursuant to a plea agreement, Thompson pled guilty to one count of conspiracy to possess with intent to distribute over five kilograms of cocaine under 21 U.S.C. § 846, one count of possession of a firearm in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A), one count of forfeiture under 21 U.S.C. § 853(a)(2), and one count of forfeiture of a firearm under 18 U.S.C. § 924(d)(1). On May 11, 2005, the Government filed a motion for downward departure for substantial assistance on behalf of Thompson. The presentence investigation report (PSIR) determined that Thompson had an adjusted offense level of thirty-three and a criminal history of IV as to Count One, the conspiracy to distribute charge, resulting in a Guidelines range of 188-235 months. Count Two, possession of a firearm in furtherance of a drug trafficking offense, required a mandatory consecutive term of not less than sixty months.

On May 12, 2005, the district court held a sentencing hearing for Thompson during which the court considered a number of requests for downward departure under the Guidelines. First, Judge James L. Graham considered Thompson's argument that Jefferson's fifty-five month sentence and the sentences imposed in two other cases involving similar charges justified a downward departure to avoid unwarranted disparity. In rejecting Thompson's disparity argument, the district

court referred to "the fact that Mr. Thompson's criminal history is much more extensive than his codefendant in this case." Second, the court rejected Thompson's requests for departures because of the harshness of Thompson's presentence confinement and physical impairment, Thompson's family background, and his allegation of third-party coercion. Third, the court granted a downward departure because the price of the cocaine involved in this transaction was below market and granted the Government's motion for downward departure, resulting in a final total offense level of twenty-nine.

Having determined the applicable Guidelines range, the district court then heard general arguments on the appropriate sentence. In this non-Guidelines context, Thompson again asked the court to consider the avoidance of sentencing disparity and the other issues that he had raised as grounds for departure under the Guidelines. In arriving at Thompson's sentence, the district court observed that "previous sentences have not afforded adequate deterrence for this defendant" and found that Thompson "represented a substantial risk for recidivism." The court imposed a sentence of 132 months for Count One, which was within the applicable Guidelines range of 121-151 months. The court also imposed a consecutive sentence of sixty months for Count Two. Thompson now brings this timely appeal, in which he argues that the district court erred in not giving him a sentence that was in relative parity with the sentence Jefferson received.

**II.**

Thompson's sentence is not unreasonable because the district court properly considered the alleged disparity between his sentence and his co-defendant's sentence in the context of a possible Guidelines departure and again when weighing the factors in 18 U.S.C. § 3553(a). "The sentence imposed by the district court is reviewed for reasonableness and must be affirmed if it is reasonable. A sentence falling within the relevant Guidelines range is entitled to a rebuttable presumption of reasonableness." *United States v. Carson*, 469 F.3d 528, 530-531 (6th Cir. 2006) (citing *United States v. Williams*, 436 F.3d 706, 707-08 (6th Cir. 2006)). This court reviews sentences for both procedural reasonableness and substantive reasonableness. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006).

The sentence imposed by the district court is procedurally reasonable because the district court properly calculated the applicable Guidelines range and, recognizing the non-mandatory nature of the Guidelines, considered the other factors listed in 18 U.S.C. § 3553(a). *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). While the primary thrust of Thompson's argument on appeal involves the substantive reasonableness of the disparity between the sentence that he received and the sentence his co-conspirator received, Thompson also argues that the district court failed to consider whether a lower sentence was sufficient to satisfy the sentencing goals in 18 U.S.C. § 3553(a). Contrary to Thompson's assertion, the district court expressly considered "the kinds of sentences that are afforded in this case," including the possibility of a lower sentence, but found that the circumstances of this case did not justify a lower sentence. Therefore, while consideration of the

§ 3553(a) factors "need not be evidenced explicitly," the record here clearly reflects that the district court considered Thompson's arguments for a lower sentence. *Williams*, 436 F.3d at 708.

Thompson's sentence is also substantively reasonable because the disparity between Thompson's sentence and the sentence imposed on his co-conspirator is not unreasonable in light of the dissimilarities between the two defendants. Thompson's relies on 18 U.S.C. § 3553(a)(6), which provides that one of the factors that a court must consider when imposing a sentence is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." However, in a case reversing a below-Guidelines departure prior to *Booker*, this court reasoned that "[t]he objective of this statute is not to eliminate sentence disparities between defendants of the same case who have different criminal records; rather, the objective is to eliminate unwarranted disparities nationwide." *United States v. LaSalle*, 948 F.2d 215, 218 (6th Cir. 1991) (internal quotation marks and citation omitted). This court in *LaSalle* observed that "to reduce a defendant's sentence because of a perceived disparity between the sentences of one defendant and that of his co-defendant in the same case creates a new and unwarranted disparity between that first defendant's sentence and the sentences of all the defendants nationwide who are similarly situated." *Id*. *See also United States v. Epley*, 52 F.3d 571, 584 (6th Cir.1995) (relying on *LaSalle* and holding that a downward departure could not be supported solely by a disparity between the defendant's sentence and the sentences of unindicted co-conspirators). While these cases were decided in the context of unwarranted departures prior to *Booker*, the fact

that they purported to interpret 18 U.S.C. § 3553 makes them of some relevance to the question of reasonableness in the post-*Booker* advisory Guidelines context.

However, even if disparity between co-defendants could result in an unreasonable sentence after *Booker* in some cases, that would not be the case here because Thompson and Jefferson do not have similar records. There are two significant differences between Thompson and his co-conspirator that explain the disparity between their sentences. First, Jefferson was not armed during the drug purchase from which the charges in this case arise. Therefore, only Thompson was charged with possession of a firearm in furtherance of a drug trafficking offense,[1] which charge resulted in a mandatory consecutive sentence of "not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). This additional charge accounts for nearly half of the difference between Thompson's sentence and Jefferson's sentence.

A second difference between Thompson and Jefferson, which was recognized by the district court, is that "Thompson's criminal history is much more extensive than his codefendant in this case."[2] It was not unreasonable for the district court to conclude that Thompson's extensive

[1]Thompson relies on *United States v. Morrow*, 977 F.2d 222 (6th Cir. 1992), to argue that Jefferson was "equally culpable for the use of a firearm" and the additional sixty-month sentence for Thompson was therefore unwarranted. However, in *Morrow* this court merely upheld the conviction of an individual charged with aiding and abetting the use of a firearm in furtherance of a trafficking offense. *Id.* at 230-31. *Morrow* did not deal with relative punishment levels for aiders versus principals.

[2]While Jefferson's criminal history is not part of the record in this case, Thompson concedes the existence of a disparity between his criminal history and Jefferson's. Accordingly, Thompson's reliance on *United States v. Tzoc-Sierra*, 387 F.3d 978 (9th Cir. 2004) is misplaced. In *Tzoc-Sierra*,

criminal history justified the additional seventy-seven months separating his sentence from Jefferson's sentence.

Because the additional charge against Thompson and Thompson's extensive criminal history justified the larger sentence Thompson received, no unwarranted disparity resulted from the district court's imposition of a sentence within the relevant Guidelines range. Thompson has, therefore, provided this court with no reason to hold that the sentence imposed by the district court was unreasonable.

**III.**

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.

---

the Ninth Circuit held that a downward departure was justified by the disparity between the sentence imposed on the defendant-appellee and the sentences imposed on his co-defendants in the same case. However, the court explicitly noted that the defendant-appellee in that case had "no criminal history." *Id*. at 981. The Ninth Circuit did not hold that disparate sentences for co-defendants with different criminal histories and facing different charges would warrant a departure. *Id*.

**KAREN NELSON MOORE, Circuit Judge, concurring.** Because Thompson had a more extensive criminal history than his co-conspirator Jefferson, it is unnecessary to determine the effect, if any, of our pre-*Booker* precedent cited in the majority opinion regarding the requirement in 18 U.S.C. § 3553(a)(6) that courts must consider in sentencing "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." As Thompson and Jefferson do not have "similar records," there are no "unwarranted sentence disparities" presented by Thompson that would trigger § 3553(a)(6). In my view, § 3553(a)(6) may require comparison of sentences of co-participants in particular crimes "to avoid unwarranted sentence disparities," but we need not, and do not, reach that issue today because of the differences between Thompson and Jefferson. With that understanding, I concur.