**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Edgar MACIAS, Defendant—Appellant.**

No. 08–50463.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 3, 2009.*

Filed Sept. 9, 2009.

Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Brent G. Tabacchi, Esquire, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Dennis P. Gaughan, Esquire, Dennis P. Gaughan Law Offices, Tustin, CA, Vu Trinh, Vu V. Trinh Law Offices, Orange, CA, H. Dean Steward, San Clemente, CA, for Defendant–Appellant.

Edgar Macias, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FISHER and GOULD, Circuit Judges, and ENGLAND, District Judge.**

MEMORANDUM ***

Edgar Macias appeals from a 37–month sentence imposed by the district court following his guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

■ The district court did not abuse its discretion in sentencing based on a two-level enhancement. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc). Macias fits within the plain terms of the two-level enhancement applied by the district court. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C)(i). Under the Guidelines, a unique mortgage number may be used to identify a specific individual and constitutes a "means of identification" under the statute. *See id.* cmt. n. 9 (defining "means of identification" by reference to 18 U.S.C. § 1028(d)(7)); *see also* 18 U.S.C. § 1028(d)(7) (defining "means of identification" as "any name or number that may be used . . . to identify a specific individual"). It is irrelevant that Macias obtained his victim's personal information legally. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C)(i).

■ The district court also did not abuse its discretion in sentencing Macias to 37 months even though a co-participant was sentenced to probation by another district judge. Although it would have been within the district court's discretion to decrease Macias's sentence in order to reduce the disparity, *see United States v. Tzoc–Sierra*, 387 F.3d 978, 980–81 (9th Cir.2004), the district court was not obligated to do so and at sentencing noted the differences between the two participants, including that Macias "teamed up and partnered with someone with such a young age." **[SER 46]** *See United States v. Marcial–Santiago*, 447 F.3d 715, 719 (9th Cir. 2006) ("Even if this disparity were assumed to be unwarranted, however, that factor alone would not render Appellants' sentences unreasonable; the need to avoid unwarranted sentencing disparities is only one factor a district court is to consider in imposing a sentence.").

■ Finally, the district court did not abuse its discretion by rejecting Macias' claim that his criminal history was over-represented. *Cf. United States v. Durham*, 941 F.2d 858, 863 (9th Cir.1991) ("We agree that a court should depart upward based on inadequate allowance for past criminal conduct in the defendant's criminal history category only in those limited cases when a defendant's record is significantly more serious than that of other defendants in the same criminal history category."). The district court stated at the outset of sentencing that it had received Macias' sentencing memorandum, which requested a downward departure of his criminal history category to category I. **[ER 47–48, SER 3]** The district court heard and considered Macias' argument as to over-representation and nonetheless found the criminal history category to be "correct." **[SER 39]** *See United States v.*

---

** The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

274

*Carter*, 560 F.3d 1107, 1118 (9th Cir.2009) ("In context, these statements make clear that the district court heard and considered Carter's arguments, considered the § 3553(a) factors, and reached the conclusion that the Guidelines range was suitable to Carter's case. Under *Rita* [*v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007),] and *Carty*, this is sufficient.").

**AFFIRMED.**